# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01681-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR COURT ORDER THAT HIS LEGAL MATERIALS BE PRODUCED<br><br>[ECF Nos. 14, 16] |

Plaintiff Pablo P. Pina is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a court order to provide him access to his legal materials, filed July 2, 2018. The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

1

his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In his motion, Plaintiff contends that when he was transferred from Corcoran State Prison to Kern Valley State Prison on May 30, 2018, he has not been provided his legal property. On June 4, 2018, the Court screened Plaintiff's complaint and found that he stated a cognizable claim for retaliation against Defendants Urban, Davey, Leshniak, Hoggard, and Garcia and a cognizable claim for conspiracy to retaliate against Defendants Urban and Peterson. (ECF No. 12.) The Court allowed Plaintiff the opportunity to file an amended complaint or notify the Court in writing of his intent to proceed solely on the claims found to be cognizable. (Id.) On July 2, 2018, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 15.) By separate order, the Court granted Plaintiff an additional thirty days to file an amended complaint.

As an initial matter, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, no defendant has yet made an appearance; and the United States Marshal has not yet been

ordered to effectuate service. At this juncture the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

In addition, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim found to be cognizable in this action. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted). Plaintiff seeks relief against individuals at Kern Valley State Prison who are not named as Defendants in the complaint which is against Defendants at Corcoran State Prison. The Court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. at 112. Accordingly, Plaintiff's motion for a court order must be denied, without prejudice.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for a court order directing prison officials to provide him access to his legal materials be denied; and

2. The Clerk of Court is directed to randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

3

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 3, 2018**

_____
UNITED STATES MAGISTRATE JUDGE