UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-01681-DAD-SAB (PC)<br><br>ORDER FINDING AMENDED COMPLAINT FAILS TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT TO CURE THE DEFICIENCIES<br><br>[ECF No. 20] |

Plaintiff Pablo P. Pina is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed July 30, 2018, in response to the Court's July 3, 2018, screening order.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff seeks to bring several claims for cruel and unusual punishment, due process, conspiracy and retaliation, and names Secretary Scott Kernan, Warden Davey, Captain Leshniak, Captain John Doe, Lieutenant Slater, Officer Urban, Counselor Peterson, and Lieutenant J.C. Garcia as Defendants.

## III.

## DISCUSSION

### A.   Federal Rule of Civil Procedure 8(a)(2)

While Plaintiff's amended complaint does not appear lengthy in terms of the number of pages (32 pages, the handwritten content of the amended complaint is rambling and disjointed. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

Where the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 if proper. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to provide notice to defendants).

Plaintiff's first amended complaint is 32 pages in length and consists of 238 sentences of narrative facts in support of his claims for relief. After review of Plaintiff's first amended complaint, the Court finds that it fails to comply with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not clearly or sufficiently allege facts against each Defendant.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Plaintiff's amended complaint is so mired in extraneous facts, various issues related and unrelated, and legal arguments that it fails to comply with Rule 8(a). Some of Plaintiff's claim may be cognizable under 1983, but it is not the function of the court to attempt to find them in a complaint that is in violation of Rule 8 of the Federal Rules of Civil Procedure. Thus, Plaintiff was provided the applicable legal standards in the Court's June 4, 2018 screening order (Doc. No. 12) and will be granted further leave to file a second amended complaint.

Plaintiff is advised that the submission of evidence, by way of exhibits, is premature at this point in the proceedings as Plaintiff is only required to state a prima facie claim for relief via his factual allegations. Thus, in amending his complaint, Plaintiff need only state concisely the facts upon which he alleges a defendant has violated his constitutional rights. Based on a review of Plaintiff's allegations, and the fact that the Court previously found that Plaintiff stated a cognizable retaliation claim against Defendants Urban, Davey, Leshniak, Hoggard, Garcia and a cognizable conspiracy claim against Defendants Urban and Peterson based on allegations presented in the original complaint

which was much more succinct, the Court finds that **15 pages** is more than sufficient to identify his claims and set forth the specific facts in support of those claims.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. **There is no conceivable reason why Plaintiff should need more than fifteen (15) pages to identify his claims and the specific facts that support those claims**. Accordingly, absent further order of this Court for good cause showing, Plaintiff's amended complaint, if he chooses to file one, may not exceed twenty-five pages in length.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed fifteen (15) pages in length; and

///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed for failure to obey a court order and failure to comply with Rule 8(a)(2).

IT IS SO ORDERED.

Dated:  **August 29, 2018**

UNITED STATES MAGISTRATE JUDGE