UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 1:17-cv-01681-DAD-SAB (PC)<br><br><u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 26) |

Plaintiff Pablo P. Pina is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The assigned magistrate judge screened plaintiff's second amended complaint ("SAC") pursuant to 28 U.S.C § 1915A.

On November 7, 2018, the magistrate judge issued findings and recommendations recommending that: (1) this action proceed on some of plaintiff's retaliation and conspiracy to retaliate claims against defendants Urban, Peterson, Garcia, Leshniak, Davey, and Hoggard; and (2) plaintiff's Eighth Amendment claim, plaintiff's claims alleging he was transferred to a more restrictive facility in retaliation for filing complaints, and all other defendants be dismissed from this action for failure to state a cognizable claim for relief. (Doc. No. 26.) Although plaintiff did not specifically assert a violation of his due process rights under the Fourteenth Amendment, the findings and recommendations found that the SAC states cognizable due process claims against

1

defendants Urban, Peterson, Garcia, Leshniak, Davey, and Hoggard for prolonging plaintiff's stay in segregation. (*Id.* at 8–9.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 14.) Plaintiff timely delivered objections to prison officials for mailing on November 18, 2018, which were received by the court on November 26, 2018. (Doc. No. 27.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported in part, as explained below.

The findings and recommendations concluded that the SAC failed to allege a cognizable claim for relief against defendants Kernan or Hubbard—both of whom held supervisory positions within the California Department of Corrections and Rehabilitation at the relevant time—because the allegations of plaintiff's SAC as to them are conclusory in nature and premised on a theory of *respondeat superior*. (Doc. No. 26 at 10.) Plaintiff objects, arguing that his claims against defendants Kernan and Hubbard are not premised on a theory of *respondeat superior* liability. (Doc. No. 27 at 2–3.)

In his SAC, plaintiff alleges the following. In or around July 2016 and the months that followed, plaintiff wrote letters to defendants Kernan and Hubbard, complaining that his inmate appeals and grievances were not being processed and complaining about the conditions in the segregated housing unit. (Doc. No. 23 at 15–17.) Plaintiff also informed defendants Kernan and Hubbard that he was going to file a civil suit due to his prolonged stay in segregation. (*Id.*) In October 2016, defendant Leshniak told plaintiff that his prolonged stay in segregation was approved by defendants Kernan and Hubbard, and a different, unnamed correctional officer told plaintiff that "filing complaints and grievances . . . will always get [plaintiff] into deep shit" and that "nothing gets done here unless [it is] okayed by [S]acramento." (*Id.* at 16–17.) In or around April 2018, a month after plaintiff was approved for transfer to Mule Creek State Prison, he was instead transferred to Kern Valley State Prison, where he was placed in an area that houses inmates with disciplinary issues. (*Id.* at 19.) When plaintiff inquired about why only he was

2

being transferred to Kern Valley unlike other inmates who were also awaiting transfer to Mule Creek, a prison counselor told plaintiff that only defendants Kernan or Hubbard could override the decision to transfer plaintiff to Mule Creek. (*Id.*) A few days later, plaintiff's cellmate asked a different prison counselor why he too was not being transferred to Kern Valley and that counselor told the cellmate "that it was coming from Sacramento, Kernan and Hubbard, because they said [plaintiff] was a litigator and filed too many complaints." (*Id.*)

These allegations, construed under the liberal pleading standard this court must apply to *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), are sufficient to allege cognizable claims for retaliation and conspiracy to retaliate against defendants Kernan and Hubbard. The SAC alleges that defendants Kernan and Hubbard were personally involved in or approved of the decisions to keep plaintiff in the segregated housing unit and to transfer plaintiff to Kern Valley after he had already been approved for transfer to a less restrictive facility. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."); *Ray v. Jefferson*, No. 16-cv-02652-YGR (PR), 2017 WL 7726700, at *2 (N.D. Cal. Apr. 27, 2017) (dismissing supervisory liability claim where plaintiff failed to allege that defendants "participated in or directed any violations"), *aff'd,* 707 Fed. App'x 885 (9th Cir. 2017), *cert. denied,* ___U.S.___, 139 S. Ct. 224 (2018).[1]

The findings and recommendations also found that plaintiff's SAC failed to adequately allege retaliation or conspiracy to retaliate claims based on plaintiff's transfer to Kern Valley because plaintiff did not allege that his transfer failed to serve a legitimate penological interest. (Doc. No. 26 at 11.) However, these allegations "implicitly plead" that prison officials did not transfer plaintiff to Kern Valley to advance a legitimate penological interest. *Watison v. Carter*, 668 F.3d 1108, 1116 (9th Cir. 2012); *see also Lipsey v. Goree*, No. 1:17-cv-00997-DAD-JLT (PC), 2018 WL 4638309, at *2 (E.D. Cal. Sept. 26, 2018) ("The Ninth Circuit has found this element satisfied at the pleading stage when a plaintiff successfully pleads the conduct at issue is

---

[1] Of course, the court states no opinion as to whether any evidence will support plaintiff's claim in this regard or the allegations upon which it is based.

3

retaliatory, presumably because retaliatory conduct meant to inhibit First Amendment expression can never be a legitimate penological goal."), *reconsideration denied,* No. 1:17-cv-00997-DAD-JLT (PC), 2018 WL 5099683 (E.D. Cal. Oct. 18, 2018). First, the SAC alleges that, of the prisoners who were approved for transfer to Mule Creek, only plaintiff was instead transferred to Kern Valley. Second, the SAC alleges that a prison counselor informed plaintiff's cellmate that plaintiff was being transferred to Kern Valley because he was a "litigator" who filed "too many complaints." These allegations plausibly allege that plaintiff's transfer to Kern Valley did not reasonably advance a legitimate correctional goal. *See, e.g.*, *Solomon v. Felker*, No. 2:08-cv-02544 JFM P, 2013 WL 5375538, at *6 (E.D. Cal. Sept. 24, 2013) (dismissing retaliation claim where plaintiff "fail[ed] to allege any facts that suggest that defendants' actions failed to advance a legitimate correctional goal"). The court therefore concludes that the SAC adequately states a claim for conspiracy to retaliate based on plaintiff's transfer to Kern Valley State Prison.[2]

The remaining findings in the pending findings and recommendations are supported by the record and proper analysis. Moreover, plaintiff does not object to the remaining findings and recommendations and the court therefore adopts them in full.

Accordingly,

1. The findings and recommendations issued on November 7, 2018 (Doc. No. 26) are adopted in part;
2. Plaintiff's SAC states cognizable claims for retaliation and conspiracy to retaliate based on plaintiff's transfer to Kern Valley State Prison;
3. Plaintiff may proceed on his retaliation and conspiracy to retaliate claims against defendants Urban, Peterson, Garcia, Leshniak, Davey, Hoggard, Kernan, and Hubbard;
4. Plaintiff may proceed on his Fourteenth Amendment due process claim against defendants Urban, Peterson, Garcia, Leshniak, Davey, Hoggard, Kernan, and Hubbard;

---

[2] *See* fn. 1, above.

4

5. Defendants Slater and John Doe are dismissed for plaintiff's failure to state a cognizable claim against them;
6. Plaintiff's cause of action for cruel and unusual punishment under the Eighth Amendment is dismissed for failure to state a claim; and
7. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 7, 2019**

UNITED STATES DISTRICT JUDGE