1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PABLO P. PINA, | ) | Case No.: 1:17-cv-01681-DAD-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| SCOTT KERNAN, et al., | ) ) | |
| Defendants. | ) ) | [ECF No. 33] |
| | ) | |

Plaintiff Pablo P. Pina is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to revoke Plaintiff's in forma status, filed May 9, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Urban, Peterson, Garcia, Leshniak, Davey, Hoggard, Kernan, and Hubbard for retaliation, conspiracy to retaliate, and a due process claim under the Fourteenth Amendment.

As previously stated, on May 9, 2019, Defendants filed a motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Plaintiff filed an opposition on June 17, 2019, and

Defendants filed a reply on June 24, 2019.  Local Rule 230(l).  Accordingly, Defendants' motion is deemed submitted for review without oral argument.

## II.

## DISCUSSION

### A.    Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that "[I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences."  Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'… We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  In defining the terms frivolous and malicious, the Andrews court held, "[W]e look to their 'ordinary, contemporary, common meaning.'…Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'…A case is malicious if it was filed with the 'intention or desire to harm another'".  Andrews v. King, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."

Andrews v. King, 398 F.3d at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews v. King, 398 F.3d at 1120. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike…. [T] prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Id.

A.    **Defendants' Request for Judicial Notice**

Defendants request that the Court take judicial notice of existence and content of the court records from Plaintiff's previous civil court proceedings. (ECF No. 29-2, Exs. A-H.)

It is well established that a court may take judicial notice of its own records. Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967). Therefore, the court grants Defendants' motion to take judicial notice of court documents and takes judicial notice of the following documents (Request for Judicial Notice (RJN), ECF No. 33-2, Exs. A-E):

**Exhibit A.** November 12, 1997 order, dismissing action for failure to state a claim upon which relief may be granted in Pina v. Gomez, et al., Case No. 3:94-cv-2464 (N.D. Cal. 1994).

**Exhibit B.** Plaintiff's complaint and the February 3, 1999 order and judgment, dismissing action for failure to state a claim upon which relief may be granted in Pina v. Dougherty, et al., Case No. 3:99-cv-397 (N.D. Cal. 1999).

**Exhibit C.** March and May 15, 2002 orders of the Ninth Circuit in Pina v. Terhune, et al., Case No. 01-17452 (9th Cir. 2001), affirming the District Court's order revoking Plaintiff's in forma pauperis status and finding that his appeal of the judgment in Pina v. Terhune, et al., Case No. 3:99-

cv-1097 (N.D. Cal. 1999) was not taken in good faith, and summarily affirming the District Court judgment.

**Exhibit D.** January 16, 2002 order in <u>Pina v. Terhune, et al.</u>, Case No. 3:99-cv-1097 (N.D. Cal. 1999), finding that Plaintiff's appeal was not taken in good faith.

**Exhibit E.** Plaintiff's complaint and the September 29, 2008 order and judgment, dismissing action for failure to state a claim upon which relief may be granted in <u>Pina v. Carr, et al.</u>, Case No. 3:08-cv-2684 (N.D. Cal. 2008).

(RJN, Exs. A-E.)[1]

## B. Three or More Strikes Under Section 1915(g)

Defendants argue that Plaintiff has on three or more occasions brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, and the imminent danger exception does not apply. Defendants, therefore, request that Plaintiff's in forma pauperis status be revoked under 28 U.S.C. §1915(g), and Plaintiff be required to pay the $400.00 filing fee.

In opposition, Plaintiff requests discovery in the form of "copies of all court documents by the N. District Court that were filed in response to every § 1983 complaint that every Pelican Bay State Prison inmate filed from 1989 to 2014. Plaintiff intends to show that every complaint that he and other inmates filed at PBSP SHU which were dismissed for failure to state a claim would later be identical to the claims would later be identical to the claims that were filed in <u>Ashker v. Brown</u> (4:09-cv-05796 CW)."[2] (Pl.'s Opp'n at 2; ECF No. 35.)

///

---

[1] The Court notes that Plaintiff's inmate number in each case is identified as CDCR D-28079, the same as the instant action.

[2] First, the date of any of the prior case dismissal is not relevant to the determination of whether it constitutes a strike under 28 U.S.C. § 1915(g). Second, Plaintiff's request for discovery cannot be granted. Plaintiff cannot seek to obtain relief from the judgments in his prior cases by way of collateral attack in this case. <u>See</u> <u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394, 398 (1981) (an alleged erroneous judgment must be corrected by direct review and is not subject to collateral attack). Third, as explained below, Plaintiff's prior dismissals are not premised on identical claims presented and found cognizable in <u>Ashker v. Governor of California</u>, Case No. 4:09-cv-05796 (N.D. Cal. 2009) because that action challenged the conditions of the security housing unit at Pelican Bay State Prison.

1    1. <u>Pina v. Gomez, et al.</u>, Case No. 3:94-cv-2464 (N.D. Cal. 1994)

2    This case was dismissed, with prejudice, on November 10, 1997, for failure to state a

3 cognizable claim for relief after Plaintiff had been granted three opportunities to amend.  (RJN, Ex.

4 A.)  Therefore, this dismissal constitutes a strike.  <u>See</u> <u>Andrews</u>, 398 F.3d at 1121 (an action fails to

5 state a claim under 1915(g) if it is dismissed pursuant to the standard used in 12(b)(6)).

6    2. <u>Pina v. Terhune, et al.</u>, Case No. 01-17452 (9th Cir. 2001)

7    In this case, the Ninth Circuit affirmed the District Court's order finding that Plaintiff's appeal

8 was not taken in good faith (RJN, Exs. C at 3-4; Ex. D), which is equivalent to a finding of frivolity.

9 <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1110 (9th Cir. 2013) (finding an appeal was not taken in good faith

10 "has been held to be equivalent to a finding of frivolity") (citing <u>Gardner v. Pogue</u>, 558 F.2d 548, 551

11 (9th Cir. 1977).  In addition, the Ninth Circuit summarily affirmed the judgment because "the

12 questions raised in the appeal were so insubstantial as not to require further argument (RJN, Ex. C at

13 1-2), which also supports a finding that this appeal constitutes a strike.

14    3. <u>Pina v. Carr, et al.</u>, Case No. 3:08-cv-2684 (N.D. Cal. 2008)

15    This case was dismissed without leave to amend for failure to state a claim upon which relief

16 may be granted.  (RJN, Ex. E.)  There, Plaintiff sought a declaration that defendants, prosecutors and

17 the San Jose Chief of Police, violated his constitutional rights by failing to turn over evidence to him,

18 and production of that evidence and other documents.  (<u>Id.</u> at 2-6, 16-53.)  Plaintiff did not ask the

19 Court to "release him or consider whether he is innocent or guilty."  (<u>Id.</u> at 26.)  The Court noted that

20 Plaintiff had previously attempted to raise this claim in a petition for writ of mandamus, but it was

21 denied on the ground that the appropriate vehicle for the claim—if any—was an action under section

22 1983.[3]  The Court finds that the dismissal of this action does not constitute a strike under the reasoning

23 set forth in <u>Washington v. Los Angeles Cty. Sherriff's Dep't</u>, 833 F.3d 1048, 1055-56 (9th Cir. 2016).

24 There, the Court held a <u>Heck</u> dismissal does not automatically constitute a strike under § 1915(g).  In

25 <u>Washington</u>, the Court considered whether a prior dismissal of a § 1983 action which sought "recall"

26

27 _____

28 [3] Although the Court cautioned Plaintiff that there were numerous issues with filing a section 1983 action on that issue. (Ex. E at 2-3.)

of an allegedly unlawful sentence enhancement (effectively injunctive relief) and damages for the unlawful imprisonment constituted a strike under § 1915(g). Id. at 1057. The Court held that because the "recall" of his sentence enhancement sounded in habeas, the entire action was not dismissed as Heck-barred and could not be considered a strike under § 1915(g). Id.

Here, in Case No. 3:08-cv-2684, Plaintiff did not seek monetary damages and sought only declaratory and injunctive relief. Plaintiff claimed that police reports and tapes of witness interviews were provided to him before trial, but the prosecutor only presented one redacted tape to the jury, the prosecutor failed to disclose certain evidence to him, and the prosecutor engaged in misconduct during the trial. (RJN, Ex. E.) The Court specifically determined that Plaintiff's declaratory relief for the prosecutor's alleged misconduct at trial was both time and Heck-barred. The Court further determined that Plaintiff's request for injunctive relief based on the failure to disclose evidence to him resulting in an alleged violation under Brady v. Maryland, 373 U.S. 83 (1963) was Heck-barred because the relief sought sounded solely in habeas. Therefore, this action does not constitute a strike because the entirety of the action was not dismissed for a qualifying reason under § 1915(g). Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d at 1057 (A habeas action is not a "civil action" within the purview of the PLRA and its dismissal does not trigger a strike).[4]

    4.    <u>Pina v. Dougherty, et al.</u>, Case No. 3:99-cv-397 (N.D. Cal. 1999)

This case was dismissed, on February 3, 1999, for failure to state a cognizable claim for relief. Therein, Plaintiff sought damages and injunctive relief in connection with his criminal conviction and argued "he did not receive a fair trial because, among other things, witnesses were coerced to lie against him and his attorney did not adequately represent him at the trial." (RJN, Ex. B at 4.) The district court determined that Plaintiff could not proceed with an action for damages unless and until his criminal conviction was set aside, and the action was dismissed the action without prejudice. (Id.) Although the Court found that the action was Heck-barred, a review of the underlying complaint

---

[4] It was specifically noted a determination that Plaintiff is entitled to injunctive relief because his constitutional right to Brady evidence was violated would necessarily demonstrate the invalidity of his conviction, and a showing of a Brady violation warrants a new trial. (RJN, Ex. E.)

reveals that Plaintiff sought both damages as well as injunctive relief in the form of a preliminary injunction to order the disclosure of certain evidence, essentially the same Brady violation as presented in Pina v. Carr, et al., Case No. 3:08-cv-2684 (N.D. Cal. 2008). Therefore, based on the reasoning set forth above in Pina v. Carr, et al., Case No. 3:08-cv-2684 (N.D. Cal. 2008), the entirety of this action was not dismissed for a qualifying reason under § 1915(g). Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d at 1057 (if action for damages is intertwined with request for injunctive relief, it is not subject to dismissal under Heck).

Accordingly, Defendants' motion to revoke Plaintiff's in forma pauperis status should be denied.[5]

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion to revoke Plaintiff's in forma pauperis status be denied; and

2.      Defendants be ordered to file a further response to the operative complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

///

///

///

///

---

[5] Because the Court finds that Plaintiff has not suffered three or more strikes under § 1915(g), the Court need not determine whether the imminent danger exception is met.

7

specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 9, 2019**

_____
UNITED STATES MAGISTRATE JUDGE